UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **Jean Marie Scott,** | ) Case No. 16-41545-can7 |
| Debtor. | ) |
| | ) |
| | ) |
| **United States Trustee,** | ) |
| Plaintiff, | ) |
| | ) Adv. No. 17-04048-can |
| v. | ) |
| | ) |
| **Law Solutions Chicago, LLC,** | ) |
| | ) |
| and | ) |
| | ) |
| **David L. Cooper,** | ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DEFENDANTS' EXPERT WITNESS

The Plaintiff United States Trustee ("UST") filed a motion in limine for an order prohibiting the Defendants, Law Solutions, LLC d/b/a Upright Law, LLC ("Upright") and David L. Cooper (collectively, the "Defendants"), from introducing the testimony of their designated expert witness, attorney Michael Downey, at trial. Defendants propose to introduce Mr. Downey's testimony as an attorney expert witness on certain issues relating to the Defendants' compliance – also as attorneys – with Missouri Rules of Professional Conduct ("MRPC") in connection with their representation of the debtor in this bankruptcy case. For the reasons set forth below, the court denies the UST's motion.

*Nature of the Case*

This is an adversary complaint against the law firm Law Solutions, LLC and its local counsel, David Cooper, in connection with their representation of the chapter 7 debtor in this bankruptcy case. Specifically, the UST seeks disgorgement, civil penalties, disciplinary referral, and a ban preventing Law Solutions from filing bankruptcy cases in this district based on alleged violations of the bankruptcy code, the bankruptcy rules, this district's local rules, and the MRPC. Needless to say, the Defendants have vigorously disputed the UST's allegations.

*Procedural Background*

This case has a lengthy procedural background, and the court incorporates herein its many previous rulings both in this adversary proceeding and this proceeding's predecessor, a motion for sanctions in the main bankruptcy case. Neither party belabors the procedural history, but for purposes of this particular motion, it is important to note:

- The UST filed a motion for sanctions against the Defendant based on nearly identical allegations to what is alleged in this adversary proceeding on September 19, 2016. DK 20.
- At a November 30, 2016 pretrial conference on that motion the court directed the parties to collaborate on a Rule 26 scheduling order. DK 36.
- The parties proposed an agreed scheduling order, which the court adopted on December 27, 2016. That order set January 6, 2017 for the designation of expert witnesses and a discovery cutoff of February 24, 2017 and set a final pretrial conference for March 21, 2017 and an evidentiary hearing for March 27, 2017.  DK 37, 38.
- At the March 21, 2017 "final" conference, counsel for both parties orally confirmed they did not intend to present any expert witnesses but that they needed some more

time for various discovery related issues. The court therefore approved an amended scheduling order extending the discovery cutoff and set a final pretrial conference for June 6, 2017 and an evidentiary hearing for June 22, 2017. DK 45.

- On May 26, 2017, the UST filed this adversary complaint against the Defendants, based on nearly identical factual allegations but seeking greatly expanded relief, including the request to bar the Defendant UpRight Law from filing bankruptcy cases in this district for a certain period plus substantial monetary penalties and sanctions.

- The court approved a Rule 26 scheduling order proposed by the parties November 27, 2017 as the date for designation of experts; December 27, 2017 as the date for designation of rebuttal experts; January 12, 2018 for a discovery cutoff; and setting February 27, 2018 as the final pretrial conference. AP DK 44.

- Based on various discovery and procedural disputes and requests for extension, the court extended the discovery cutoffs and other dates numerous times (see AP DK 46, 49, 53, 55, 56, 58, 60, 61, 62, 63, 69, 70, 71, 73, 84, 86, 87, 89, 90, 93, 95, 99, 98, 100, 101, 102, 103, 105, 106, 107, 108, 109, 110, 113, 114, 115, 116, 117, 119, 120, 122, 123, 125, 126, 128, 132, 133, 135, 138, 143, 146, 147, 148, 149, 151, 152, 153, 154, 157, 158), but ultimately set a final pretrial conference for December 4, 2018 and a trial setting for late January 2019. AP DK 156, 159.

- Despite the numerous extensions and continuances, the only extensions of the time to designate experts was first until December 1, 2017 and then until December 27, 2017. AP DK 55, 62.

- By December 27, 2017, both parties had submitted final designations of experts. AP DK 68.[1]

- In one of his discovery related motions, the UST requested that the court, as a sanction for alleged spoliation of evidence, exclude the Defendants' expert witness. AP DK 88. After discovery related to that issue, however, the UST later withdrew his motion. AP DK 148.

- Other than the spoliation motion, the UST has not previously alleged that expert witness testimony is inappropriate in relation to either the sanctions motion or this adversary proceeding.

*Discussion*

The UST asserts that that the expert testimony of the Defendants' expert, attorney Michael Downey, should be excluded under Fed. R. Evid. ("FRE") 702 and 403, on the grounds that expert testimony in these types of proceedings are "legally improper"; that Mr. Downey lacks "specialized knowledge" in bankruptcy cases; that Mr. Downey's opinions are not reliable and are speculative; and that FRE 403 requires exclusion of the testimony as being a waste of time. For many reasons, the court disagrees.

*FRE 702 Standards*

Neither party seriously disputes the relevant evidentiary standards, so the court need not belabor the point. But, in sum: FRE 702 governs the admission of expert witness testimony. A witness qualified by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony

---

[1] The UST apparently did not file a certificate of service of the designation of his expert, but it is clear from the voluminous record that the UST did designate his own expert timely to UpRight.

is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The court has "broad discretion" in deciding the admissibility of expert testimony. *Bradshaw v. FFE Transportation Servs., Inc.* 715 F.3d 1104, 1107 (8th Cir. 2013). "It is within the broad discretion of the trial court whether to allow specific expert testimony," and "[t]he trial court's decision on this matter will not be disturbed on appeal absent an abuse of that discretion." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 392 (8th Cir. 2016) (citations and internal quotation marks omitted). *See also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167 (1999).

"Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony," and it favors admissibility over exclusion. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (citation omitted). "Rejection of expert testimony is the exception rather than the rule." *Advisory Committee Note* to the 2000 amendment to the rule. "Courts should resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th Cir. 2006). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking" an expert witness. *Daubert*, 509 U.S. at 596.

Turning then to the UST's specific arguments.

***Whether an Attorney Expert on Ethical Issues is Legally Proper***

The UST argues that whether the Defendants violated the MRPC and the sanctions to be imposed are not "disputed factual issues" but rather "a legal conclusion on which expert testimony should be excluded." The court disagrees.

5

First, every case the UST cites is a state court case, many of which are state disciplinary proceedings. What evidence a particular state court may decide is relevant in a state disciplinary or sanction proceeding is not relevant for purpose of what FRE 702 allows in a federal bankruptcy court proceeding to determine whether the Defendants violated various bankruptcy code and rules provisions and should therefore be sanctioned.

Second, even assuming, for the purposes of this case, that state court disciplinary cases are relevant, as the Defendants note, there are many, many state court and other that do allow expert testimony in disciplinary and related proceedings. *See, e.g.,* cases cited by Upright Law in its *Defendants' Response to Plaintiff's Motion in Limine to Exclude Defendant's Expert Witness* [DK 168] at 12-13. *See also Even Judges Don't Know Everything: A Call for a Presumption of Admissibility for Expert Witness Testimony in Lawyer Disciplinary Proceedings*, 36 St. Mary's L.J. 825, 833-838 (2005); *Metro Sales, Inc. v. Core Consulting Group, LLC*, 275 F.Supp.3d 1023, 1059-62 (D. Minn. 2017) (allowing an attorney to testify as a legal ethics expert; ultimately, the factfinder is able to evaluate the weight to be afforded to the expert's testimony based on the competing expert's opinion).

Third, and most importantly, this is not a disciplinary proceeding, as the court has taken great pains to make clear.[2] This is a proceeding under various bankruptcy code and rules, as well as underlying MRPC, which are made applicable here by L.R. 2090-1.A, to impose statutory damages, and other sanctions, including possible disciplinary sanctions, against the Defendants. Whether a particular state court would or would not allow attorney expert testimony is simply not relevant to whether these Defendants violated various bankruptcy code, rules, and related provisions. Rather, under FRE 702, the ultimate issue is whether the testimony would assist the

---

[2] The court disagrees with UpRight's assessment that Counts V and VI "have been transformed" into disciplinary proceedings or that the court has construed Counts V and VI to be disciplinary proceedings.

trier of fact. And given that (a) the UST alleged violations of the MRPC; (b) the UST concedes that the Defendants' expert is an MRPC expert; and (c) whether the Defendants violated the MRPC is a disputed issue, the court believes that an MRPC expert would assist the court as a fact finder.

The court next turns to the UST's arguments that the Defendants' expert lacks specialized knowledge of bankruptcy cases, has an unreliable opinion, and should not be admitted under FRE 403. Again, the court disagrees with the UST.

As the Defendants point out, the UST appears to concede that Mr. Downey is a renowned expert on Missouri ethical issues. Rather, he questions Mr. Downey's bankruptcy experience and argues in essence that a "mere" state law ethics expert should not be allowed to opine in a bankruptcy ethics case. The Defendants point to many bankruptcy-related legal involvements Mr. Downey has had, such that the court should consider him to be qualified as a bankruptcy-related ethics expert in addition to being an ethics expert generally.

Based on the parties' submissions, it is clear to this court that Mr. Downey is an expert on Missouri ethics law. Whether he has sufficient bankruptcy-related experience and whether his testimony is either speculative or reliable goes to the weight – and not the admissibility – of his testimony. *Metro Sales v. Core Consulting*, 275 F.Supp. at 1053 ("While an expert witness must be qualified to testify in a given subject area, the requirement is not rigorous, and '[g]aps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility.'" (quoting *Am. Auto. Ins. Co. v. Omega Flex, Inc.*, 783 F.3d 720, 726 (8th Cir. 2015)).[3] The court would note, in this regard, that it was the UST who persisted in the unorthodox

---

[3] The UST also argues that, because Mr. Downey's opinion is based on his review of UpRight's current policies and procedures, his opinion that UpRight's practices are ethical is not relevant under FRE 401. The court does not agree. An attorney's steps to mitigate past ethical concerns – assuming the evidence will show that is what UpRight has done – are relevant to the nature and amount of the sanctions, if any, the court should impose, since sanctions inherently include a deterrence component.

procedure of pursuing "counts" of his adversary complaint alleging violations of MRPC without reference to specific bankruptcy law relief. The court finds it disingenuous for the UST to argue that an otherwise recognized expert in the MRPC should not be allowed to testify when it was the UST who alleged specific violations of the MRPC in his complaint.

As a final matter, the court makes one other observation. The UST seeks to prevent UpRight Law from practicing law in this district. To ban a law firm from filing cases is a serious, serious sanction. At the end of the day, such a sanction may or may not be warranted. But the Defendants deserve their fair day in court, and they deserve the opportunity to present expert testimony in support of their business model. And the fact that the UST not only designated his own expert witness, but not once in the last two years ever questioned whether expert testimony was appropriate, weighs heavily in the court's decision to exercise its discretion to deny the UST's motion.

IT IS SO ORDERED.

Dated:  December 3, 2018                             /s/ Cynthia A. Norton
                                                     Chief Judge Cynthia A. Norton